NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDWIN PAUL GANT, | : |
| Plaintiff, | : Civil No. 20-1727 (RBK/KMW) |
| v. | : **OPINION** |
| DEAN ANTHONY RAGONE., | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Sanctions (Doc. 54). For the reasons expressed herein, the Motion for Sanctions is **DENIED.**

**I.   BACKGROUND**

This case arises out of a contract dispute. The facts of the case are set forth more fully in the Court's Opinion and Order on Defendant's Motion to Dismiss (Docs. 47, 48). Accordingly, the Court does not restate the full factual background here. The Court only sets forth the facts pertinent to the pending sanctions motion.

Plaintiff, Edwin Gant, filed the present suit alleging ten causes of action. (Doc. 1-1, "Compl."). Defendant, Dean Ragone, asked Gant to withdraw the Complaint pursuant to Rule 11, advising that if he did not withdraw, Ragone would seek sanctions. (Mot. at 1.) Gant did not withdraw the Complaint, and Ragone thereafter filed a Motion to Dismiss. (Doc. 5.) In response, Gant filed a total of sixteen court filings in response to Ragone's motion. (*See* Docs. 7, 8, 13, 15–17, 21, 23, 24, 31, 32, 37–39, 44, and 46.) The Court granted Ragone's Motion to Dismiss nine

1

out of ten of Gant's claims. (Docs. 47, 48.) Following the decision on the Motion to Dismiss, Ragone filed the present Motion for Sanctions. (Doc. 54.)

## II.   LEGAL STANDARD

Ragone moves for Rule 11 sanctions. Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11. Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Sanctions awarded under this rule "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.,* No. 09–5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing *Watson v. City of Salem,* 934 F. Supp. 643, 662 (D.N.J. 1995); *see also Doering v. Union Cty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Id.*

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)"). Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the

offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

**III.   DISCUSSION**

Ragone moves for sanctions pursuant to Federal Rule of Civil Procedure 11.[1] Ragone contend that Rule 11 sanctions are warranted here because Gant has filed "frivolous pleadings" and has continued to pursue "frivolous" claims against Ragone. (Mot. at 4.) Ragone avers that these pleads are harassing and have no basis in fact or law. (Mot. at 4.) Therefore, Ragone requests that the Court order Gant to pay his "reasonable counsel fees for time expended in litigating" the dismissed counts. (Mot. at 1.)

While the Court understands Ragone's concerns with Gant's numerous filings, the Court does not yet find this is an appropriate case for sanctions. The Court recognizes that Gant has filed an abundance of seemingly baseless motions, letters, and other informal requests. Although Gant is proceeding *pro se*, he is an attorney, and the Court therefore cannot excuse his actions as those of untrained litigant. *See Martin v. Farmers First Bank*, 151 F.R.D. 44, 48 (E.D. Pa. 1993). Therefore, this case does present a close call. However, ultimately, the Court does not find that Gant has violated Rule 11(b). Ragone has not provided evidence that Gant submitted these filings with the intent to harass, cause undue delay, or needlessly increase litigation expenses. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). As such, sanctions are not yet appropriate. However, the Court does caution Gant—if he continues to file repetitive, unmeritorious letters and motions without citation to proper authority, Ragone may renew his request for Rule 11 sanctions. Going forward, Gant must strictly comply with all federal, local, and court rules regarding filings.

---

[1] The Court notes that Ragone has complied with Rule 11's safe harbor requirement and requirement that the sanctions request be filed in its own motion. *See* Fed. R. Civ. P. 11.

Nothing in this Opinion prohibits Ragone from making a new motion for Rule 11 sanctions if he believes it is later warranted.

## IV. CONCLUSION

For the reasons contained herein, Defendants' Motion for Sanctions (Doc. 54) is **DENIED**. An accompanying Order shall issue.

Dated: 7/26/2021                                              /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge